(108 App. Div. 122)

WEIDNER v. OLIVIT et al.

(Supreme Court, Appellate Division, Third Department. October 24,. 1905.)

1. APPEAL—REVIEW—PLEADINGS—PRESENTATION OF QUESTION BELOW.
Where a complaint was not demurred to or challenged by motion for a dismissal for failure to state a cause of action, the question is not reviewable.
[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1232–1236.]

2. SAME—THEORY OF ACTION.
The defendants not having excepted to the theory upon which the court submitted the case to the jury under the pleadings, they cannot urge on appeal that the complaint did not justify the submission of the case upon that theory.

3. FACTORS—PLACE OF. SALE.
As a general rule, goods consigned to a factor for sale are to be sold in the market to which they are shipped and where the factor transacts his business, and the factor has no implied authority to reship the goods to another market.
[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Factors, § 25.]

4. SAME—RESHIPMENT BY FACTOR—MEASURE OF DAMAGES.
Where a. factor reships goods to another market. he will be liable to the principal· for the difference between the market price of the goods at the place where they should have been sold and the price received.

5. SAME—RESHIPMENT—AUTHORITY—EVIDENCE—SUFFICIENCY.
In an action against a factor, evidence held sufficient to support a finding that plaintiff had not authorized the shipment of his· goods to another market after their receipt by the factor.

6. EVIDENCE—OPINION EVIDENCE—MARKET VALUE—COMPETENCY OF WITNESS.
On an issue as to the market value of apples in New York at a certain time, plaintiff, who was a dealer in apples, had raised them for a number of years, and had sold a quantity in New York, some just prior to the time in question, and a dealer who had bought and sold apples in New York that year were competent to testify to the market price.

7. SAME—ADMISSION BY FACTOR—MARKET PRICE.
"Prices current," sent by a factor to his customer, showing ·the price of apples in the factor's market on a certain date, were admissible against him on an issue between himself and the customer as to the market price at that time.

Appeal from Trial Term, Ulster County.

Action by Charles H. Weidner against George W. Olivit and others. From a judgment in favor of plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendants appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Judson G. Wells, for appellants.
William Lounsbery, for respondent.

CHESTER, J. We are not called upon to determine whether the complaint states a cause of action, as it was not demurred to, and it was not challenged by the defendants upon the trial by any motion for a dismissal upon the ground that it did not state a cause of action. In it it is alleged that the plaintiff shipped 150 barrels of apples to the defendants at the city of New York, "there to be sold for the account and benefit of the plaintiff as the factor and agent of the plaintiff"; that the market price in New York at that time for apples was $2.50 per barrel; that the apples, after deducting the freight and commissions, were fairly worth $300; and that the defendants have not paid said sum, or any part thereof, except the sum of $87.52, and judgment is demanded for the balance. The defendants in their answer allege that they sold for the account of the plaintiff 15 barrels of said apples, for the sum of $27.75, at the market, and that "with the consent and direction of the plaintiff consigned the balance, 135 barrels of said apples, for export," and the same netted $119.81; that the defendant's charges, expenses, and commissions amounted to the sum of $60.01, leaving due the plaintiff $87.55, which before the commencement of the action the defendants paid to the plaintiff. It was shown that 15 barrels had been sold in New York and 135 barrels exported to Hamburg, Germany, and there sold, and that plaintiff had been paid the sum of $87.55, the amount received, less the freights, commissions, and expenses. The court charged the jury, in substance, that the theory of the plaintiff was that he shipped the apples to the defendants to be sold in New York; that the following day after the shipment he was in New York, and saw one of the defendants after the apples were received by the latter, and made arrangements for selling them, and that in that conversation there was no reference made by the defendant about shipping them to Europe or Hamburg, or to any other point, but that such a shipment was without the plaintiff's authority, and that the apples were to be sold in the New York market. The court also charged that the theory of the defendants was that the plaintiff consented that these apples might be sent to Hamburg for sale. It was left to the jury to determine what the agreement between the parties was, and the jury were told that if they found that the agreement was that the apples, or the greater portion of them, should be shipped to Hamburg, and sold for the account of the plaintiff, their verdict must be for the defendants, and if they found that there was no such agreement, then their verdict should be for the plaintiff. There was no exception on the part of either party to the statement by the court of the theory of the respective parties concerning the issue the jury were called upon to try. The jury found a verdict for the plaintiff for the sum of $70, and from the judgment entered thereon and the order denying a new trial, the defendants have appealed.

The defendants not having excepted to the theory upon which the court submitted the case to the jury under the pleadings, they cannot now be heard to urge that the complaint did not justify the submission of the case upon that theory. In 12 Am. & Eng. Enc. of Law (2d Ed.) p. 636, it is stated:

"As a general rule, goods consigned to a factor for sale are to be sold in the market to which they are shipped and where the factor transacts his business, and the factor has no implied authority to reship the goods to another market."

It is also stated at page 702:

"Where the factor violates his duty as to the place of sale, as, for instance, where he reships the goods to another market, he will be liable to the principal for the difference betwen the market price of the goods at the place where they should have been sold and the price received therefor;" citing cases.

The effort of the plaintiff was to bring his case within the rules of law above stated.

The defendants insist that the plaintiff did not support his theory by the preponderance of the evidence, and that the verdict was against the weight of the evidence upon the question submitted to the jury. The defendants' claim that the plaintiff consented to the shipment of the apples to Hamburg rested upon the evidence of the defendant George Olivit, whose testimony to that effect was corroborated only by a salesman in their employ. The plaintiff in his evidence denied that he ever consented to an exportation of the apples. If that was all there was of the evidence, there would be much to support the defendants' contention; but the plaintiff put in evidence a letter from the defendants evidently written by said George Olivit, which is altogether inconsistent with his testimony in this respect and with this letter in evidence, which shows very clearly that the defendants had said nothing to the plaintiff about exporting the apples until long after they had been shipped to Hamburg, the jury were justified in finding against the defendants in their contention, and the verdict is therefore sustained by sufficient evidence; the burden of proof being upon them with respect to their affirmative defense.

The appellant also urges that there was not sufficient evidence of the market value of apples in New York to sustain the verdict. The witnesses upon that subject were the plaintiff himself and one Davis, and it is claimed that they were not shown to be competent to testify. It appeared that the plaintiff was a dealer in apples, and had raised apples a number of years; that he had bought and sold them, and also that he had sold a considerable quantity of apples in New York, or had them sold there for his account. He had received a considerable remittance from these defendants for account of sales in New York of shipments of apples by him to them just prior to this shipment. The witness Davis was also a dealer in apples, and had bought and sold apples that year in New York. There was, therefore, evidence to justify the court in receiving their evidence as to the market value in that city. More than this, the plaintiff put in evidence two "Prices current" sent to him by defendants, stating the market prices for apples in New York on November 14 and December 16, 1903, and although the court charged the jury that the "Prices current" are not evidence of the value, yet these having been sent out by the defendants to the plaintiff may fairly be regarded as admissions on their part as to the state of the New York market upon such dates, which were reasonably near the time of plaintiff's shipment.

I think, therefore, that the evidence concerning market values was sufficient to sustain the judgment. The verdict of the jury was evidently based upon a state of the market much below that sworn to by the witnesses, or given in the "Prices current."

We have examined the several exceptions to the judge's charge, and find no error therein justifying a reversal. The judgment and order should be affirmed, with costs. All concur.